IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH WOOD,                                          Civil Action No. _____

        Plaintiff,

v.

BAPTIST HOMES SOCIETY,

        Defendant.                                   JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Deborah Wood, by undersigned counsel, files this Complaint and in support thereof alleges the following:

### I.    Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101, *et seq.*; 28 U.S.C. §§1331 and 1343(a)(4); and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II.    Venue

2.    Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### III.    Administrative Remedies

3.    Wood has satisfied all procedural and administrative requirements in that:

    a.    On July 6, 2015, Wood filed a timely charge of discrimination alleging disability discrimination with the Equal Employment Opportunity Commission (EEOC), which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC).

    b.    On January 27, 2016, Wood filed a timely amended charge of discrimination alleging disability discrimination and retaliation with EEOC, which was

          cross-filed as a complaint with the PHRC.

    c.    On February 23, 2017, the EEOC issued a determination that found that there was probable cause that Wood was discharged, denied a reasonable accommodation, and retaliated against by Defendant in violation of the Americans with Disability Act.

    d.    Plaintiff received a Notice of Right to Sue from the EEOC.

    e.    This case was filed within 90 days of receipt of the Notice of Right to Sue.

    f.    More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

### IV. The Parties

4. Wood is an adult individual who resides at 243 James Street, Turtle Creek, Pennsylvania 15145.

5. Defendant Baptist Homes Society is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an office and principal place of business located at 489 Castle Shannon Boulevard, Pittsburgh, Pennsylvania 15145.

6. At all times relevant hereto, Defendant is and was an employer within the meaning of 42 U.S.C. §§ 12111(2) and (5)(A), in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year and within the meaning of 43 Pa. Cons.Stat.Ann. § 955, as it employs 4 or more individuals.

7. Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of

their employment.

## V.  Factual Background

8. Defendant employed Wood since April 9, 2012.

9. Defendant hired Wood as a Network & Web Communication Assistant, a position in which she remained and which she still held at the time of her termination.

10. Wood's performance was good and she never received any negative performance evaluations while working for Defendant.

11. On January 15, 2015, Wood suffered a back injury at work for Defendant while unpacking new computers and moving parts from one work station to another.

12. Wood did not report the injury to Defendant or her immediate supervisor, James Greene, who worked as Director of Defendant's Information Technology Department, because Wood hoped the pain would go away.

13. When her pain did not subside, Wood sought medical treatment for her back injury in or around March 2015. Her doctor prescribed physical therapy.

14. On or around April 29, 2015, Wood's supervisor, James Greene, asked Wood to move a new kiosk machine to the second floor and configure it.

15. Wood advised James Greene that she had a back injury and was scheduled for physical therapy.

16. James Greene, in turn, did not offer to assist Wood and instead suggested that she "get the Environmental Services."

17. Wood explained that Environmental Services would not remove the kiosk from its box or place it where it needed to be placed.

18. Troubled by James Greene's refusal to provide assistance since other employees had always performed this work in the past, Wood contacted Defendant's Human Resources Department on the same day and explained the situation.

19. Wood spoke with Stefanie Sells, Defendant's Human Resource Assistant, and explained her back condition.

20. Stefanie Sells asked Wood to provide a doctor's note with a "reasonable accommodation."

21. The next day, on April 30, 2015, Wood provided Stefanie Sells with a note from Wood's physician that restricted Wood from lifting more than 15 pounds.

22. This restriction would not have prevented Wood from performing all of the essential functions of her job.

23. Immediately thereafter, Defendant, through Stefanie Sells, ordered Wood on April 30, 2015 to not return to work. Stefanie Sells did not explain to Wood why Wood was no longer able to work.

24. Later that same day, Kevin Santora, Defendant's Worker's Compensation Officer, sent an email to Wood barring Wood from working for Defendant until Wood was restriction-free.

25. Defendant did not offer nor attempt to discuss any reasonable accommodations with Wood regarding Wood's lifting restriction, despite being on notice of the restriction.

26. There is no lifting requirement in Wood's job description.

27. Defendant was thus fully aware of Wood's condition in April 2015.

28. In September 2015, after Wood had filed discrimination charges with the EEOC and PHRC which had been served on Defendant, Wood received a letter from Defendant that discharged Wood from Defendant's employ effective August 18, 2015.

29. Defendant hired a less qualified, non-disabled employee for Wood's position of Network & Web Communication Assistant.

30. Wood was disabled and/or regarded as disabled and/or had a record of disability at the time Defendant failed to provide Wood with a reasonable accommodation and terminated her.

## COUNT I - ADA Failure to Accommodate

31. Wood incorporates by reference the allegations of paragraphs 1 through 30 as if fully restated.

32. In April 2015, Wood was a qualified individual with a disability within the meaning of the ADA because she had a back injury.

33. Wood requested a reasonable accommodation to return to work with limited restrictions that would not have prevented Wood from performing all of the essential elements of her job.

34. Defendant failed to provide a reasonable accommodation to Wood even though it would not have been unreasonably burdened to do so.

35. Defendant's failure to reasonably accommodate Wood is in violation of the ADA, 42 U.S.C. § 12112(b)(5)(A).

36. Defendant's failure to provide a reasonable accommodation to Wood was undertaken with reckless indifference to Wood's Federally protected right to a reasonable accommodation.

37. As a direct result of Defendant's discriminatory actions in violation of the ADA, Wood has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Wood requests the following:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Americans with Disabilities Act;

    b. That Defendant is ordered to reinstate Wood and provide her accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Wood for the full value of wages she would have received had it not been for Defendant's illegal treatment of Wood, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That the Court award Wood compensatory damages as a result of Defendant's violations of the Americans with Disabilities Act;

    e. That the Court award Wood punitive damages as a result of Defendant's violations of the Americans with Disabilities Act;

    f. That Defendant is enjoined from discriminating against Wood in any manner that violates the Americans with Disabilities Act;

    g. That Wood be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h. That the Court grant Wood additional relief as may be just and proper.

## **COUNT II - ADA Disability Discrimination**

38. Wood incorporates by reference the allegations of paragraphs 1 through 36 as if fully restated.

39. Wood is protected by the ADA because of her disability, record of disability, and/or perceived disability.

40. Defendant terminated Wood's employment because of her disability, record of disability, and/or perceived disability.

41. Defendant discriminated against Wood because of her disability, record of disability, and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(b)(4).

42. Defendant's actions of discriminating against Wood, terminating her employment and denying her other employment opportunities because of her disability, record of disability, and/or perceived disability was undertaken with reckless indifference to Wood's Federally protected right to be employed without regard to a disability and/or perceived disability and/or record of disability.

43. As a direct result of Defendant's discriminatory actions in violation of the ADA, Wood has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Wood requests the following:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Americans with Disabilities Act;

    b. That Defendant is ordered to reinstate Wood and provide her accumulated seniority, fringe benefits and

    all other rights;

c.  That Defendant be required to compensate Wood for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.  That the Court award Wood compensatory damages as a result of Defendant's violations of the Americans with Disabilities Act;

e.  That the Court award Wood punitive damages as a result of Defendant's violations of the Americans with Disabilities Act;

f.  That Defendant be enjoined from discriminating against Wood in any manner that violates the Americans with Disabilities Act;

g.  That Wood be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.  That the Court grants Wood additional relief as may be just and proper.

## Count III - ADA Retaliation

44. Wood incorporates by reference the allegations of paragraphs 1 through 42 as if fully restated.

45. During her employment with Defendant, Wood requested reasonable accommodations to return to work with limited restrictions.

46. During her employment with Defendant, Wood engaged in protected activity by filing a Charge of Discrimination with the EEOC and PHRC.

47. Defendant retaliated against Wood for engaging in the protected activity identified in Paragraphs 43 and 44 above by terminating her.

48.     Defendant's retaliation is a violation of the ADA, 42 U.S.C. § 12112.

49.     Defendant's retaliation against Wood was undertaken with reckless indifference to Wood's Federally protected right to be free from retaliation.

50.     As a direct result of Defendant's retaliatory actions in violation of the ADA, Wood has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Wood requests the following:

   a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Americans with Disabilities Act;

   b. That Defendant is ordered to reinstate Wood and provide her accumulated seniority, fringe benefits and all other rights;

   c. That Defendant be required to compensate Wood for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

   d. That the Court award Wood compensatory damages as a result of Defendant's violations of the Americans with Disabilities Act;

   e. That the Court award Wood punitive damages as a result of Defendant's violations of the Americans with Disabilities Act;

   f. That Defendant is enjoined from discriminating against Wood in any manner that violates the Americans with Disabilities Act;

   g. That Wood be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

   h. That the Court grant Wood additional relief as may be

just and proper.

## **Count IV - PHRA**

51. Wood incorporates by reference the allegations of paragraphs 1 through 48 as if fully restated.

52. Defendant's termination of Wood because of her disability, record of disability and/or perceived disability; and/or denial of Wood's request for a reasonable accommodation and/or retaliation for Wood engaging in protected activity was in violation of the Pennsylvania Human Relations Act (PHRA), 43 Pa. Conns. Stat.Ann. § 955(a) *et seq*.

53. As a direct result of Defendant's discriminatory actions in violation of the PHRA, Wood has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b. That Defendant be ordered to reinstate Wood and provide her accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Wood for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That the Court award Wood compensatory damages as a result of Defendant's violations of the

        Pennsylvania Human Relations Act;

e.    That Defendant be enjoined from discriminating against Wood in any manner that violates the Pennsylvania Human Relations Act;

f.    That Wood be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.    That the Court grant Wood additional relief as may be just and proper.

        Respectfully submitted:

        */s/ James W. Carroll, Jr.*
James W. Carroll, Jr., Esquire
Pa. I.D. No. 21830
Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA  15219
(412) 338-1117 (phone)
jwcarroll@rothmangordon.com

*/s/ Ryan P, Stewart*
Ryan P. Stewart, Esquire
Pa. I.D. No. 209185
Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA  15219
(412) 338-1150 (phone)
rpstewart@rothmangordon.com
Attorneys for Plaintiff

4819-3783-9694, v. 1